IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CHARLES E. LAWSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>SQUARE TWO FINANCIAL SERVICES CORPORATION d/b/a FRESH VIEW SOLUTIONS,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 4:15-cv-00937-CDP<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant SquareTwo Financial Services Corporation ("Defendant") answers Plaintiff's Class Action Petition (hereinafter "the Complaint") as follows:

### Parties

1. Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and on that basis denies each and every allegation therein.

2. Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and on that basis denies each and every allegation therein.

3. Defendant admits Paragraph 3 of the Complaint.

4. Answering Paragraph 4 of the Complaint, Defendant states that there are cases in which it may be a debt collector as defined by the FDCPA. However, at this time Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and on that basis denies each and every allegation therein.

**Defendant mails correspondence addressed to Plaintiff**

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

**Count I – Violation of the FDCPA, 15 U.S.C. § 1692f(8)**

8. Defendant repeats, re-alleges, and incorporates by reference the denials and responses set forth above.

9. Answering Paragraph 9, Defendant states that Paragraph 9 appears to be merely descriptive of Plaintiff's claim and Plaintiff's interpretation of the law; however, to the extent that it can be construed to assert liability or wrongdoing on the part of Defendant, Paragraph 9 is denied.

10. Answering Paragraph 10, Defendant states that Paragraph 10 appears to be merely descriptive of Plaintiff's claim and Plaintiff's interpretation of the law; however, to the extent that it can be construed to assert liability or wrongdoing on the part of Defendant, Paragraph 10 is denied.

11. Answering Paragraph 11, Defendant denies that Plaintiff is entitled to certify such a class or to act as representative of such a class.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

OM 353960.1

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

Defendant generally denies that Plaintiff is entitles to any of the relief requested in the prayer to the Complaint.

## **AFFIRMATIVE DEFENSES**

1. Defendant asserts the defense of setoff.

2. Defendant denies that Plaintiff has suffered any actual damages.

3. Defendant asserts that if Plaintiff did suffer any actual damages he failed to take reasonable steps to mitigate such damages.

4. Defendant denies that Plaintiff is entitled to or should recover statutory damages in any amount.  See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S. Ct. 1605, 176 L.Ed.2d 519 (2010).

5. Defendant asserts that an award of statutory damages in the absence of actual damages would be a denial of its right to due process under the Constitution of the United States of America.  See State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003) and BMW of N. Am. v. Gore, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996).

6. Defendant asserts that if any violations of the FDCPA did occur that such violations were unintentional, and they occurred as a result of a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid and prevent the alleged violations. Defendant is therefore entitled to the defenses provided by 15 U.S.C. § 1692k(c).

WHEREFORE, having fully responded to the allegations contained in the Complaint, Defendant prays that this Court dismiss the claims brought by Plaintiff with prejudice to future actions, at Plaintiff's costs, and for such other and further relief as the Court deems just and proper.

DATED this 22nd day of June, 2015.

                Respectfully submitted,

                SPENCER FANE BRITT & BROWNE LLP

                By: /s/ Joshua C. Dickinson
                    Joshua C. Dickinson, #51446MO
                    12925 West Dodge Road, Suite 107
                    Omaha, NE 68154
                    (402) 965-8600 (telephone)
                    (402) 965-8601 (facsimile)
                    jdickinson@spencerfane.com

                    Patrick T. McLaughlin, #48633MO
                    1 North Brentwood Blvd., Suite 1000
                    St. Louis, MO 63105
                    (314) 863-7733 (telephone)
                    (314) 862-4656 (facsimile)
                    pmclaughlin@spencerfane.com

                *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri, Eastern Division, this 22nd day of June, 2015, with a true copy mailed, first class postage prepaid, to:

Christopher E. Roberts
David T. Butsch
Butsch Roberts & Associates, LLC
231 South Bemiston Avenue, Suite 260
Clayton, MO 63105

Steven A. Donner
Thomas R. Applewhite
Donner Applewhite
1108 Olive Street, Suite 200
St. Louis, MO 63101

*Attorneys for Plaintiff*

                /s/ Joshua C. Dickinson