IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CHARLES E. LAWSON, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SQUARE TWO FINANCIAL SERVICES CORPORATION d/b/a FRESH VIEW SOLUTIONS,<br><br>　　　　Defendant. | Case No. 4:15-cv-00937-CDP |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant SquareTwo Financial Services Corporation ("SquareTwo") is entitled to summary judgment on plaintiff Charles E. Lawson's single cause of action because the undisputed facts show that the letter which Lawson received from SquareTwo did not violate § 1692f(8) of the Fair Debt Collection Practices Act.

### I.　　STANDARD OF REVIEW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that it could cause a reasonable jury to return a verdict for either party." Paine v. Jefferson Nat'l Life Ins. Co., 594 F.3d 989, 992 (8th Cir. 2010). "[A] fact is material if its resolution affects the outcome of the case." Id. A party opposing a motion for summary judgment cannot "rest upon allegations, but must produce probative evidence sufficient to demonstrate a genuine issue of material fact for trial." Id. (internal punctuation omitted).

OM 379105.1

II.     ARGUMENT

Lawson's pleading contains a single cause of action.  He claims that Square Two violated § 1692f(8) of the Fair Debt Collection Practices Act.  See Doc. 4.  Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt".  Part (8) of that statute lists one such "means"—"[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business".

Lawson's cause of action is based on allegations that the Letter concerned a debt and "account numbers and creditor information [were] visible through the face of the envelope".  Doc. 4 ¶¶ 12, 15; see id. ¶ 16(c).  Lawson does not allege that any unlawful markings appear on the outside of the Letter.  See Doc. 4; see also SUF[1] ¶ 6.  For the purpose of this motion, SquareTwo does not dispute that it sent the Letter—in the form of Exhibit 1—to Lawson.  See SUF ¶¶ 1–2.  Yet applying § 1692f(8) to the Letter shows that SquareTwo is entitled to judgment as a matter of law, for three reasons.

First, under the plain language § 1692f(8), the prohibition on the use of language or symbols only applies to writings "on any envelope."  An "envelope" is "a flat paper container with a sealable flap, used to enclose a letter or document."[2]  Here, the tri-fold Letter at issue simply does not fit this definition.  Plaintiff never received from Defendant a paper container enclosing any letter or document.  There was no envelope used for this mailer.  As such, the

---

[1] "SUF" refers to the Statement of Uncontroverted Material Facts, which is filed concurrently herewith.

[2] https://www.google.com/#q=definition+envelope (emphasis added)

express language of this provision of the FDCPA makes clear that it is inapplicable to these facts.[3]

Second, even if § 1692f(8) could apply to tri-fold letters without envelopes, the printing or symbols still must be presented on the ***outside*** of the mailer in order to fit the strictures of the statute.  The Senate report on this provision "makes clear that § 1692f(8) was intended merely to prevent debt collectors from embarrassing debtors by announcing the delinquency <u>on the outside</u> of a debt collection letter envelope".  <u>Goswami v. Am. Collections Enter., Inc.</u>, 377 F.3d 488, 494 (5th Cir. 2004) (emphasis added) (citing S. Rep. No. 95-382, at 8 (1977), <u>reprinted in</u> 1977 U.S.C.C.A.N. 1695, 1702).  The Federal Trade Commission's commentary on § 1692f(8) reinforces that conclusion.  <u>See</u> <u>Brooks v. Niagara Credit Solutions, Inc.</u>, No. 15-cv-9245-JWL, slip op. at 2 (D. Kan. Nov. 6, 2015) (emphasis added) ("Both the legislative history and the FTC commentary clearly state that § 1692f(8) is intended to prohibit markings <u>on the outside</u> of debt collection envelopes").  Thus, the text of § 1692f(8), its legislative history, and its interpretation by a federal consumer-protection agency all demonstrate that the statute does not govern text inside of an envelope.

Yet Exhibit 1 does not contain any allegedly proscribed marking "on" its exterior.  <u>See</u> SUF 5–6.  Instead, Lawson's theory is that certain markings can be seen <u>through</u> the Letter—not through any glassine window or a faulty seal of the document, but through the paper itself.  <u>See</u>,

---

[3] SquareTwo recognizes that it is advancing a literal interpretation of the term "envelope."  Given the highly technical nature of the claims advanced by Plaintiff—who seeks to certify a federal class action lawsuit premised solely upon the notion that a third party *might* (there is no suggestion of actual third-party disclosure) attempt to hold the mailer to the light and squint at the contents—Defendant is comfortable requesting that the Court employ the commonly understood definition of an envelope and reject this fanciful cause of action.

e.g., Doc. 4 ¶ 12. Because Lawson's claim is not based on marks "on" an envelope, § 1692f(8) by its plain language does not apply.[4]

Finally, even if "on any envelope" could be construed as "inside the letter," § 1692f(8) does not require a debt collector to make it impossible to determine the contents of a letter, regardless of how it is manipulated. That statute was never intended "to completely guarantee" that a person who is "motivated to take extra steps"—"an inordinately curious and very determined snoop[5]"—could not determine that correspondence pertained to a debt. Schmid v. Transworld Sys., Inc., No., 15-C-02212, 2015 WL 5181922, at *5 (N.D. Ill. Sept. 4, 2015). "If the [FDCPA] were concerned with the display of information that could, if diligently investigated, disclose a recipient's debtor status, it would not permit return addresses—or, arguably, use of the mails—at all." Gardner v. Credit Mgmt. LP, ___ F. Supp. 3d ___, 2015 WL 6442246, at *5 (S.D.N.Y. Oct. 23, 2015). On the contrary, § 1692f(8) is meant to prevent people "who glimpse [at] the envelope" from recognizing its nature. Schmid, 2015 WL 5181922, at *5.

No one who briefly handled or glimpsed at the Letter would perceive that it concerns a debt, as the Court can confirm by inspecting Exhibit 1. There are not any allegedly unlawful markings on its outside. See SUF ¶ 6. No allegedly unlawful markings can be seen through any glassine window. See SUF ¶ 4. If the Letter's contents could be ascertained at all, only someone who held the Letter to a light at precisely the right angle, or otherwise manipulated the letter—a "determined snoop"—could do so. See SUF ¶ 7 (testimony that the Letter was printed on paper

---

[4] Last year, the Third Circuit held that correspondence displaying account numbers and similar information through a glassine window violates §1692f(8). See Douglass v. Convergent Outsourcing, 765 F.3d 299 (3d Cir. 2014). However, Douglass reflects a minority view. See, e.g., Brooks, No. 15-cv-9245-JWL, slip op. at 2 (referring to "numerous federal district court cases that have disagreed with the Third Circuit's analysis in Douglass" and ruling that displaying an "account number through [an] envelope's glassine window does not violate the FDCPA"). And, Douglass did not involve correspondence like the Letter, which does not contain any glassine window. Thus, Douglass does not provide any compelling basis for Lawson's theory.

[5] Indeed, the practice of surreptitiously "steaming open" an envelope and resealing it has been around for decades, and instructions for same are readily available on the internet. http://www.wikihow.com/Steam-Open-an-Envelope. Freezing a letter is another favorite snooping technique. https://www.youtube.com/watch?v=cMRSCZvpU18.

OM 379105.1

that is opaque in normal conditions). And, even in those circumstances, any text that was visible through the Letter's paper would be backwards, meaning that only someone with a mirror could decipher the words. Such a possibility does not create liability under § 1692f(8). See Sampson v. MRS BPO, ___ F. Supp. 3d ___ 2015 WL 4613067, at *1 (N.D. Ill. Mar. 17, 2015) (striking a claim under § 1692f(8) about the contents of a letter in a "sealed and assertedly offending envelope" that would require "x-ray vision" to ascertain). Thus, even if § 1692f(8) applied to information inside a letter, rather than merely markings "on" an envelope as stated in the statute, SquareTwo would be entitled to judgment as a matter of law on Lawson's claim.

### III. CONCLUSION

This lawsuit is a novel attempt to extend an already tenuous theory about the FDCPA. Neither the text of § 1692f(8) nor any recent jurisprudence applying that statute support Lawson's theory that text inside a sealed letter—one without any glassine window—can subject a debt collector to liability. Particularly if that text is visible—if at all—only if the letter is manipulated by pressing its folds together, allowing Lawson's claim to proceed would unjustly expand § 1692f(8) in a way that neither Congress nor the Federal Trade Commission envisioned. For these reasons, as SquareTwo explains above, it is entitled to summary judgment on Lawson's cause of action, and this case should be dismissed.

DATED this 15th day of January, 2016.

Respectfully submitted,
SPENCER FANE LLP

By: /s/ Joshua C. Dickinson
Joshua C. Dickinson         MO #51446
12925 West Dodge Road, Suite 107
Omaha, Nebraska 68154
(402) 965-8600 (telephone)
(402) 965-8601 (facsimile)
jdickinson@spencerfane.com

>Patrick T. McLaughlin         MO #48633
>1 North Brentwood Boulevard, Suite 1000
>St. Louis, Missouri 63015
>(314) 863-7733 (telephone)
>(314) 862-4656 (facsimile)
>pmclaughlin@spencerfane.com

>*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri, this 15th day of January, 2016, with notice of case activity generated and sent electronically to:

Christopher E. Roberts
David T. Butsch
Butsch Roberts & Associates, LLC
231 South Bemiston Avenue, Suite 260
Clayton, MO 63105

Steven A. Donner
Thomas R. Applewhite
Donner Applewhite
1108 Olive Street, Suite 200
St. Louis, MO 63101

*Attorneys for Plaintiff*

>/s/ Joshua C. Dickinson